JOHNSON & PHAM, LLP
Christopher D. Johnson, SBN: 222698
        E-mail: cjohnson@johnsonpham.com
Christopher Q. Pham, SBN: 206697
        E-mail: cpham@johnsonpham.com
Marcus F. Chaney, SBN: 245227
        E-mail: mchaney@johnsonpham.com
Hung Q. Pham, SBN: 276613
        E-mail: ppham@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, California 91367
Telephone: (818) 888-7540
Facsimile: (818) 888-7544

Attorneys for Plaintiff
BOSE CORPORATION

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| BOSE CORPORATION, a Delaware Corporation,<br><br>          Plaintiff,<br><br>          v.<br><br>AMTONE TECHNOLOGY, INC., a California Corporation; YUSONG MA, an Individual; MICHELLE NING BAO, an Individual; and DOES 1-10, Inclusive,<br><br>          Defendants. | Case No.:  2:19-cv-10109<br><br>**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**<br><br>**(1) FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. § 1114/*Lanham Act* § 32(a)]**<br>**(2) FALSE DESIGNATION OF ORIGIN/UNFAIR COMPETITION/FALSE OR MISLEADING ADVERTISING [15 U.S.C. § 1125(a)]/*Lanham Act* § 43(a)**<br>**(3) TRADEMARK DILUTION [15 U.S.C. § 1125(c)]**<br>**(4) UNFAIR BUSINESS PRACTICES [*CALIFORNIA BUSINESS & PROFESSIONS CODE* § 17200]**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff BOSE CORPORATION ("BOSE"), a Delaware Corporation, hereby allege as follows:

## PARTIES

1.      Plaintiff BOSE is now, and was at the time of the filing of this Complaint and at all intervening times, a Delaware Corporation duly authorized, registered, and licensed to conduct business in the State of California, with its corporate headquarters at 100 The Mountain, Framingham, Massachusetts 01701.

2.      Plaintiff BOSE alleges, on information and belief, that Defendant AMTONE TECHNOLOGY, INC. ("AMTONE") is now, and was at the time of filing this Complaint, a California corporation that operated at multiple locations since its inception, including but not limited to: 4030 Valley Boulevard, #109, Walnut, California 91789; 491 Yorbita Road, La Puenta, California 91744; 2320 Peck Road, City of Industry, California 90601; and 1041 Lawson Street, City of Industry, California 91748.

3.      Plaintiff BOSE is informed and believes that since the time of its creation, now, and at all times relevant to this Complaint, Defendant AMTONE also conducts business through multiple platforms and under other aliases, including but not limited to the business name "XtraSaver," as a www.amazon.com ecommerce storefront under the ID "Xtrasaver," as a www.ebay.com ecommerce storefront under the ID "monodeal," as a www.walmart.com ecommerce storefront under the ID "Amtone Technology," and through the URLs www.xstrasaver.com and www.amtonetek.com.

4.      Plaintiff BOSE is informed and believes that, at the time of its creation, now, and at all times relevant to this Complaint, Defendant AMTONE did not and does not have sufficient funding to assume responsibility for its foreseeable and actual liabilities.

/ / /

/ / /

5.      Plaintiff BOSE is informed and believes that since the time of its creation, now, and at all times relevant to this Complaint, Defendant AMTONE was undercapitalized.

6.      Plaintiff BOSE is informed and believes that since the time of its creation, now, and at all times relevant to this Complaint, Defendant AMTONE has failed to observe corporate formalities required by law.

7.      Plaintiff BOSE is informed and believes that Defendant YUSONG MA ("MA") is now, and was at the time of filing this Complaint, an individual residing in Rowland Heights, California, and is the owner, president, and operator of Defendant AMTONE.

8.      Plaintiff BOSE is informed and believes that Defendant AMTONE is the alter ego for Defendant MA, who personally directed and benefited from the infringing activities of Defendant AMTONE.

9.      Plaintiff BOSE is informed and believes that Defendant MA is also the owner and operator of the URLs www.xstrasaver.com and www.amtonetek.com, which are affiliated with and are ecommerce platforms for Defendant AMTONE.

10.     Plaintiff BOSE is informed and believes that Defendant MICHELLE NING BAO ("BAO") is now, and was at the time of filing this Complaint, an individual residing in West Covina, California, and is the owner and operator of the www.ebay.com storefront ID "audiolink."

11.     Plaintiff BOSE is informed and believes that Defendant BAO collaborates with or is an agent of or partners with Defendants AMTONE and MA because Defendant BAO utilizes Defendants AMTONE and MA's services to sell and distribute counterfeit and/or infringing BOSE®-related products.

12.     The true names and capacities, whether individual, corporate, associate or otherwise, of defendants herein named as DOES 1-20, inclusive, are unknown to Plaintiff BOSE.  Plaintiff BOSE, therefore, sue said defendants by such fictitious names.   When the true names and capacities of said defendants have been

COMPLAINT FOR DAMAGES

1    ascertained, Plaintiff BOSE will amend this pleading accordingly.

2        13.    Plaintiff BOSE further alleges that Defendants AMTONE, MA, BAO,

3    and DOES 1-10, inclusive, sued herein by fictitious names, are jointly, severally

4    and concurrently liable and responsible with the named Defendants upon the causes

5    of action hereinafter set forth and shall henceforth be referred to collectively as

6    "Defendants."

7        14.    Plaintiff BOSE is further informed and believes and thereon alleges

8    that at all times mentioned herein Defendants, and DOES 1-10, inclusive, and each

9    of them, were the agents, servants and employees of every other Defendant and the

10   acts of each Defendant, as alleged herein, were performed within the course and

11   scope of that agency, service or employment.

12                          **<u>JURISDICTION/VENUE</u>**

13        15.    This Court has subject matter jurisdiction over the First through Third

14   causes of action (violation of the *Lanham Act*) pursuant to 15 U.S.C. § 1121 and/or

15   28 U.S.C. §§ 1331 and/or 1338(a).

16        16.    This Court has supplemental subject matter jurisdiction over the

17   Fourth cause of action pursuant to 28 U.S.C. § 1367(a) over Plaintiff BOSE's other

18   claim arising under the laws of California because such claim is so related to the

19   claims within such original jurisdiction that they form part of the same case or

20   controversy.

21        17.    This Court has general personal jurisdiction over Defendant

22   AMTONE inasmuch as it is registered to conduct business in the State of California

23   with a principal business office in California.

24        18.    This Court has general personal jurisdiction over Defendants MA and

25   BAO inasmuch as they are residents of the State of California residing in Rowland

26   Heights and West Covina, respectively.

27        19.    Venue is proper, inter alia, pursuant to 28 U.S.C. § 1391(b) because,

28   Plaintiff BOSE is informed and believes, and on that basis allege, that a substantial

part of the events or omissions giving rise to the claims occurred within this District, in Walnut, Rowland Heights, West Covina, and City of Industry, California, and has caused damages to Plaintiff BOSE in this District.

## GENERAL ALLEGATIONS

### Plaintiff BOSE and its Famous BOSE®-Branded Products

20.    Plaintiff BOSE was founded in 1964 by Dr. Amar G. Bose.  Through extensive research and engineering, Plaintiff BOSE developed groundbreaking audio technology and innovative products, including the Wave® radio, QuietComfort® noise cancelling headphones, and SoundDock® digital music system.

21.    Plaintiff BOSE designs, manufactures, and sells a wide array of high-performance audio products for consumers and professionals.  Plaintiff BOSE sells its wide array of high-performance audio products through its authorized retail stores, authorized dealers, and website, www.bose.com.

22.    Plaintiff BOSE's high-performance audio products include professional loudspeakers, bookshelf speakers, factory-installed sound system custom-designed for specific automobiles (e.g., Audi, Buick, Cadillac, Chevrolet, GMC, Infiniti, Mazda, and Porsche to name a few), tabletop sound systems, portable digital music systems, home theater systems, aviation headsets, around-ear and over-ear noise cancelling headphones, in-ear sport headphones, and wireless headphones.

23.    Plaintiff BOSE has built its reputation with an uncompromising commitment to developing high-performance audio products that create exceptional audio quality.  It has spent substantial resources and effort to inform customers of the benefits of Plaintiff BOSE's products and to develop consumer recognition and awareness of its trademarks in the United States and the world.  Through the extensive use of the Plaintiff BOSE's marks, Plaintiff BOSE has built up and developed substantial goodwill and enormous recognition in its entire product line

throughout the United States and the world.

24. Indeed, Plaintiff BOSE's BOSE® name and logo are widely recognized throughout the United States as a provider of high-quality audio products.

25. Plaintiff BOSE is the exclusive owner of federally-registered and common law trademarks. The following is a partial (non-exhaustive) list of the registered trademarks owned by Plaintiff BOSE ("BOSE's Marks"):

        A. BOSE®: Registration date October 19, 2010 (Reg. No. 3,863,254), for batteries, communication headsets for use with communication radios, intercom systems, or other communications networks transceivers; headphones; headsets for cellular or mobile phones, microphone;

        B. BOSE®: Registration date August 20, 1974 (Reg. No. 991,271), for loudspeaker systems;

        C. BOSE®: Registration date May 30, 1967 (Reg. No. 829,402) [Design Mark] acoustical transducer systems;

        D. Better Sound Through Research®: Registration date of April 27, 1993 (Reg. No. 1,767,324), for loudspeaker systems and music systems;

        E. SoundTouch®: Registration date December 16, 2014 (Reg. No. 4,656,755) for loud speaker systems, radios;

        F. BOSE®: Registration date of December 8, 1992 (Reg. No. 1,738,278), for printed matter, namely catalogs, newsletters, and brochures;

        G. BOSE®: Registration date of September 25, 1984 (Reg. No. 1,297,699 [Design Mark]), for clothing;

        H. BOSE®: Registration date of October 19, 2010 (Reg. No. 3,863,254), for batteries, intercom systems, headphones, headsets for mobile phones, and microphones;

/ / /

/ / /

I.     BOSE®: Registration date of March 13, 2018 (Reg. No. 5,423,514), for remote controls, mounts and mounting brackets, stands for speakers, and headphone accessories;

J.     SoundLink®: Registration date November 24, 2009 (Reg. No. 3,716,864), for loudspeaker systems and USB (Universal Serial Bus) hardware; and

K.     Wave®: Registration date July 1, 2008 (Reg. No. 3,457,854), for music systems, compact disc players and digital music players.

26.   Plaintiff BOSE has never authorized or consented to the use of any of BOSE's marks or any confusingly similar marks by Defendants.

**<u>DEFENDANTS' WRONGFUL CONDUCT</u>**

27.   Particularly in light of the success of Plaintiff BOSE's products, as well as the recognized outstanding reputation it has gained, Plaintiff BOSE's products have become targets for unscrupulous individuals and entities who wish to take a "free ride" on the substantial goodwill, reputation, and fame Plaintiff BOSE has established from its considerable investments, efforts, and resources to build up in each of its products and marks.

28.   Defendants use, amongst other things, their locations and services in California to import, warehouse, sell, and distribute counterfeit goods bearing Plaintiff BOSE's Marks to unknowing consumers.

29.   Beginning on a date unknown to Plaintiff BOSE, and continuing to the present, Defendants have, without the consent of Plaintiff BOSE, sold and distributed goods bearing Plaintiff BOSE's Marks, neither made by Plaintiff BOSE nor by a manufacturer authorized by Plaintiff BOSE (such goods are hereafter referred to as "Counterfeit Goods") using reproductions, counterfeits, copies and/or colorable imitations of one or more of the subject trademarks.  On information and belief, Plaintiff BOSE further alleges that Defendants imported said Counterfeit Goods into the United States, or encouraged others to import said Counterfeit Goods into the United States, for the purpose of reselling the Counterfeit Goods in the

1 | United States.

2 |      30.    In a letter dated August 30, 2017, U.S. Customs and Border Protection

3 | ("USCBP") informed Plaintiff BOSE that on August 18, 2017, it seized a shipment

4 | of One Thousand (1,000) pieces of remote controls at the Los Angeles/Long Beach

5 | Harbor that was found by USCBP to infringe Plaintiff BOSE's Marks, Reference

6 | No. 2017270400126001/LU.   USCBP identified the importer as Amtone

7 | Technology, Inc., 2320 Peck Road, City of Industry, California 90601.

8 |      31.    Plaintiff BOSE is informed that on September 7, 2017, agents with the

9 | California's Tax Recovery & Criminal Enforcement Taskforce, including the

10 | Department of Justice, Homeland Security Investigations, the Federal Bureau of

11 | Investigation, and other local agencies, served a search warrant on Defendant

12 | AMTONE, in which law enforcement recovered One Thousand Eight Hundred

13 | (1,800) units of counterfeit Bose remote controls that contained Plaintiff BOSE's

14 | BOSE® and WAVE® marks on the products.

15 |      32.    Pursuant to public records, case number CITKA118061-01, on

16 | September 7, 2017, Defendant MA was charged with violation of California Penal

17 | Code Section 350(A)(2) relating to counterfeit goods.  Defendant MA later received

18 | a sentence of three (3) years probation for this violation.

19 |      33.    On October 4, 2017, Plaintiff BOSE's counsel sent a letter to

20 | Defendants' address at 2320 Peck Road, City of Industry, California 90601,

21 | providing Defendants with a notice of infringement of Plaintiff BOSE's Marks

22 | pursuant to the USCBP seizure on August 18.  Defendants did not respond to this

23 | letter.

24 |      34.    Defendants use, amongst other things, the Internet ecommerce website

25 | www.ebay.com ("eBay") to sell and distribute products to consumers, including

26 | counterfeit goods bearing Plaintiff BOSE's Marks.  At any given time, there are

27 | millions of items listed on eBay for purchase by its registered users.  On eBay,

28 | buyers are able to search for products and purchase these products electronically.

eBay users have the option to purchase items in an auction-styled format where users bid on particular products or items, or an eBay user may employ eBay's "Buy It Now" program, whereby eBay users may purchase a particular item at a specified "buy it now" price.

35.    Many of the online commercial transactions accomplished by sellers such as Defendants are accomplished through the PayPal service provided by PayPal, Inc.  Through PayPal, purchasers of products can transfer funds to sellers electronically and online, from any PayPal account to any other PayPal account.

36.    Defendants also use the Internet ecommerce website www.amazon.com ("Amazon") to sell and distribute products to consumers, including counterfeit goods bearing Plaintiff BOSE's Marks.  At any given time, there are millions of items listed on Amazon for purchase by its registered users. On Amazon, buyers are able to search for products and purchase these products electronically.

37.    On May 28, 2019, in its ongoing investigation of sales of counterfeit products bearing BOSE's Marks, Plaintiff authorized the purchase of a "Bose Replacement Remote for Wave Soundtouch Music System AWRCC1 II III IV 5" from eBay seller ID "monodeal" for a cost of $8.76.  The purchase was effectuated using a PayPal electronic payment account.  The PayPal transaction detail receipt for this purchase identified Amtone Tech Inc. as the payment recipient.

38.    The remote control purchased from Defendants was received in a package identifying the sender on the return address as Xtrasaver.com Store, 1041 Lawson St., City of Industry, CA 91748.  The remote control purchased from Defendants contained Plaintiff BOSE's WAVE® mark on the product and was received with an invoice identifying the seller's URL as xtrasaver.com and a contact email of amtonetech.customer@gmail.com.  The purchased remote control was inspected by Plaintiff BOSE to determine authenticity and was confirmed that the item Defendants sold was in fact a counterfeit "Wave" remote control.

39.     On June 18, 2019, in its ongoing investigation of sales of counterfeit products bearing BOSE's Marks, Plaintiff authorized the purchase of a "Bose Replacement Remote for Bose Wave Radio/CD Music System AWRCC3 - White" from eBay seller ID "audiolink" for a cost of $8.81.  The purchase was effectuated using a PayPal electronic payment account.  The PayPal transaction detail receipt for this purchase identified Michelle Ning Bao as the payment recipient and the contact email of hwny123@gmail.com.

40.     The product purchased from Defendants was received in a package identifying the sender on the return address as E-Parts-Store Ebay, 1041 Lawson St., City of Industry, CA 91748.  The remote control purchased from Defendants contained Plaintiff BOSE's WAVE® mark on the product and was received with an     invoice     identifying     the     seller's     contact     email     of amtonetech.customer@gmail.com.  The purchased remote control was inspected by Plaintiff BOSE to determine authenticity and was confirmed that the item Defendants sold was in fact a counterfeit "Wave" remote control.

41.     On June 19, 2019, in its ongoing investigation of sales of counterfeit products bearing BOSE's Marks, from the State of California, Plaintiff authorized the purchase of a "Xtrasaver Replacement Remote fit for Bose Sound Wave CD Radio System II III IV 5 Multi Disc Player (White)" from Amazon seller ID "Xtrasaver" for a cost of $10.94.   The seller profile for Amazon seller ID "Xtrasaver" identifies "Amtone Technology located in La Puente California" as the seller.

42.     A review of the Defendant AMTONE's website at the URL www.amtonetek.com confirms that Defendants' also conducts business under the alias Xtrasaver at the address 491 Yorbita Road, La Puente, California 91744, phone number (626) 559-1350.  The URL www.xtrasaver.com also redirects to the URL www.amtonetek.com.

/ / /

43.     The product purchased from Defendants was received in a package identifying the sender on the return address as Xtrasaver (Amtone Technology), 1041 Lawson St., City of Industry, California 91748.  The remote control purchased from Defendants contained Plaintiff BOSE's WAVE® mark on the product.  The purchased remote control was inspected by Plaintiff BOSE to determine authenticity and was confirmed that the item Defendants sold was in fact a counterfeit "Wave" remote control.

44.     On September 11, 2019, Plaintiff BOSE's counsel sent a certified letter to Defendants address at 1041 Lawson St., City of Industry, California 91748, providing Defendants with a *second notice* of infringement of Plaintiff BOSE's Marks based on its evidentiary buys of infringing "Wave" remote controls on May 28, June 18, and June 19, 2019.  Pursuant to a signed return receipt, Defendants received Plaintiff BOSE's certified letter on September 19, 2019.  Defendants did not respond to this letter.

45.     Despite Plaintiff BOSE providing already two notices of infringement to Defendants, and Defendant MA's former criminal prosecution, Defendants continued to market, sell, and distribute counterfeit "Wave" remote controls. Specifically, on September 27, 2019, in its ongoing investigation of sales of counterfeit products bearing BOSE's Marks, from the State of California, Plaintiff authorized the purchase of a "Bose Wave Music Systems Soundlink AWR1B1/B2 AWRCC1/2/3/4/5/6/7/8 Replace Remote" for a cost of $10.20; a "Bose Wave Soundtouch Radio/CD System AWRCC1 2 3 4 5 Replacement Remote - Gray" for a cost of $9.91; a "Bose Wave System III Radio/CD Music Audio AWRCC1/2/3 Replacement Remote - Black" for a cost of $9.91, all from eBay seller ID "audiolink."  These purchases were effectuated using a PayPal electronic payment account.  The PayPal transaction detail receipts for these purchases identified Michelle Ning Bao as the payment recipient or seller.

/ / /

COMPLAINT FOR DAMAGES

46.    The products purchased from Defendants were received in packages identifying the sender on the return address as E-Parts-Store Ebay, 1041 Lawson St., City of Industry, CA 91748.  The remote controls purchased from Defendants contained Plaintiff BOSE's WAVE® mark on the products and were received with invoices identifying the seller's contact email as amtonetech.customer@gmail.com. The purchased remote controls were inspected by Plaintiff BOSE to determine authenticity and were confirmed that the items Defendants sold were in fact counterfeit "Wave" remote controls.

47.    Defendants purposely derived benefit from their interstate commerce activities by expressly targeting foreseeable purchasers in the State of California and throughout the United States.  But for Defendants' importation, selling, and distribution of counterfeit BOSE®-branded related products, Plaintiff BOSE would not have been able to make such purchases.

48.    Defendants willfully use images and names identical to Plaintiff BOSE's Marks to confuse consumers and aid in the promotion and sales of unauthorized and counterfeit products.  Defendants' willful use of Plaintiff BOSE's Marks include importing, advertising, displaying, distributing, selling and/or offering to sell unauthorized and/or counterfeit copies of BOSE®-branded related products.  Defendants' use of Plaintiff BOSE's Marks began long after Plaintiff BOSE's adoption and use of its trademarks, and after Plaintiff BOSE obtained the trademark registrations alleged above.  Neither Plaintiff BOSE nor any of its authorized agents have consented to Defendants' use of Plaintiff BOSE's Marks.

49.    Defendants' actions have confused and deceived, or threatened to confuse and deceive, the consuming public concerning the source and sponsorship of the counterfeit WAVE® products sold and distributed by Defendants.  By their wrongful conduct, Defendants have traded upon and diminished Plaintiff BOSE's goodwill.  Furthermore, the sale and distribution of counterfeit goods by Defendants have infringed upon Plaintiff BOSE's Marks.

50.     Defendants' importing, selling, distribution of, and encouraging others to import Counterfeit Goods was and is likely to cause confusion or mistake and/or to deceive consumers who purchase the Counterfeit Goods.

51.     Defendants also imported, sold, and distributed and/or encouraged others to import for the purpose of resale within the United States, Counterfeit Goods consisting of reproductions and/or copies of products bearing Plaintiff BOSE's Marks.  Defendants' use of Plaintiff BOSE's Marks was done without its authorization.

## FIRST CAUSE OF ACTION

**(Trademark Infringement Against Defendants AMTONE TECHNOLOGY, INC.; YUSONG MA; MICHELLE NING BAO; and DOES 1-10, Inclusive)**
**[15 U.S.C. § 1114/*Lanham Act* § 32(a)]**

52.     Plaintiff BOSE hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

53.     Defendants' actions as described herein constitute direct, vicarious, and/or contributory trademark infringement in violation of 15 U.S.C. § 1114(1)(a).

54.     As a proximate result of Defendants' trademark infringement, Plaintiff BOSE has been damaged in an amount to be proven at trial.  Further, Plaintiff BOSE alleges, on information and belief, that as a proximate result of Defendants' trademark infringement, Defendants have unlawfully profited in an amount to be proven at trial.

55.     At all relevant times, Defendants acted intentionally and/or willfully in using Plaintiff BOSE's Marks on the Counterfeit Goods, knowing that said Marks belong to Plaintiff BOSE, that the status of the Counterfeit Goods was in fact counterfeit, and that Defendants were not authorized to use Plaintiff BOSE's Marks on the Counterfeit Goods.  Plaintiff BOSE is therefore entitled to recovery of treble damages pursuant to 15 U.S.C. § 1117(a) and statutory damages under 15 U.S.C. §

1117(c).   Furthermore, Defendants' knowing, intentional and/or willful actions make this an exceptional case, entitling Plaintiff BOSE to an award of reasonable attorney fees pursuant to 15 U.S.C. § 1117(a).

56.   Defendants' actions also constitute the use by Defendants of a "counterfeit mark" as defined in 15 U.S.C. § 1116(d)(1)(B).   Plaintiff BOSE therefore reserves the right to elect, at any time before final judgment is entered in this case, an award of statutory damages pursuant to 15 U.S.C. § 1117(c)(1) and/or (2).

57.   The acts of direct, vicariously, and/or contributory trademark infringement committed by Defendants have caused, and will continue to cause, Plaintiff BOSE irreparable harm unless they are enjoined by this Court.

## SECOND CAUSE OF ACTION

**(False Designation of Origin, False or Misleading Advertising Against Defendants AMTONE TECHNOLOGY, INC.; YUSONG MA; MICHELLE NING BAO; and DOES 1-10, Inclusive)**

**[15 U.S.C. § 1125 (a)]**

58.   Plaintiff BOSE hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

59.   Defendants' actions as described herein constitute direct, vicariously, and/or contributory violation of 15 U.S.C. § 1125(a)(1)(A), as such actions are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff BOSE and/or as to the origin, sponsorship, and/or approval of such Counterfeit Goods by Plaintiff BOSE.

60.   As a proximate result of Defendants' violation as described herein, Plaintiff BOSE has been damaged in an amount to be proven at trial.   Further, Plaintiff BOSE alleges on information and belief that, as a proximate result of Defendants' direct and/or contributory trademark infringement, Defendants have

1  unlawfully profited, in an amount to be proven at trial.

2  61. Defendants' acts of violating, directly, vicariously and/or
3  contributorily, Section 1125 have caused, and will continue to cause, Plaintiff
4  BOSE irreparable harm unless they are enjoined by this Court.

5  ### THIRD CAUSE OF ACTION

6  **(Trademark Dilution Against Defendants AMTONE TECHNOLOGY, INC.;**
7  **YUSONG MA; MICHELLE NING BAO; and DOES 1-10, Inclusive)**
8  **[15 U.S.C. § 1125(c)]**

9  62. Plaintiff BOSE hereby incorporates by reference each of the other
10  allegations set forth elsewhere in this Complaint as though fully set forth in this
11  cause of action.

12  63. Plaintiff BOSE's Marks are distinctive and famous within the meaning
13  of the *Lanham Act*.

14  64. Upon information and belief, Defendants' unlawful actions began long
15  after Plaintiff BOSE's Marks became famous, and Defendants acted knowingly,
16  deliberately and willfully with the intent to trade on Plaintiff BOSE's reputation and
17  to dilute its Marks. Defendants' conduct is willful, wanton, and egregious.

18  65. Defendants' intentional sale of fake, pirated and counterfeit items
19  bearing Plaintiff BOSE's Marks is likely to cause confusion, mistake, or to deceive,
20  mislead, betray, and defraud consumers to believe that the substandard imitations
21  are genuine products manufactured by Plaintiff BOSE. Defendants' actions
22  complained of herein have diluted and will continue to dilute Plaintiff BOSE's
23  Marks, and are likely to impair the distinctiveness, strength and value of its Marks,
24  and injure its business reputation.

25  66. Defendants' acts have caused and will continue to cause Plaintiff
26  BOSE irreparable harm. Plaintiff BOSE has no adequate remedy at law to
27  compensate it fully for the damages that have been caused and which will continue
28  to be caused by Defendants' unlawful acts, unless they are enjoined by this Court.

67.     As the acts alleged herein constitute a willful violation of section 43(c) of the *Lanham Act*, 15 U.S.C. § 1125(c), Plaintiff BOSE is entitled to injunctive relief as well as monetary damages and other remedies provided by 15 U.S.C. §§ 1116, 1117, 1118, and 1125(c), including Defendants' profits, treble damages, reasonable attorney's fees, costs and prejudgment interest.

## FOURTH CAUSE OF ACTION

**(Unfair Competition Against Defendants AMTONE TECHNOLOGY, INC.; YUSONG MA; MICHELLE NING BAO; and DOES 1-10, Inclusive)**

***California Business and Professions Code § 17200 et seq.***

68.     Plaintiff BOSE hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

69.     Defendants' actions described herein constitute unlawful, unfair and/or fraudulent business acts or practices.  Defendants' actions thus constitute "unfair competition" pursuant to *California Business and Professions Code* § 17200.

70.     As a proximate result of Defendants' actions, Plaintiff BOSE has suffered an injury in fact, including without limitation, damages in an amount to be proven at trial, loss of money or property, and diminution in the value of its Marks. Plaintiff BOSE therefore has standing to assert this claim pursuant to *California Business and Professions Code* § 17204.

71.     Defendants' actions have caused, and will continue to cause Plaintiff BOSE to suffer irreparable harm unless enjoined by this Court pursuant to *California Business and Professions Code* § 17203.  In addition, Plaintiff BOSE requests that the Court order Defendants to disgorge all profits wrongfully obtained as a result of Defendants' unfair competition, and order that Defendants pay restitution to Plaintiff BOSE in an amount to be proven at trial.

/ / /

COMPLAINT FOR DAMAGES

### **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff BOSE CORPORATION hereby respectfully request the following relief against Defendants AMTONE TECHNOLOGY, INC.; YUSONG MA; MICHELLE NING BAO**;** and DOES 1-10, Inclusive, and each of them as follows:

1.    For an award of Defendants' profits and Plaintiff BOSE's damages in an amount to be proven at trial for trademark infringement under 15 U.S.C. § 1117(a);

2.    For an award of Defendants' profits and Plaintiff BOSE's damages in an amount to be proven at trial for false designation of origin and unfair competition under 15 U.S.C. § 1125(a);

3.    For an award of Defendants' profits and Plaintiff BOSE's damages in an amount to be proven at trial for trademark dilution under 15 U.S.C. § 1125(c);

4.    In the alternative to actual damages and Defendants' profits for the infringement and counterfeiting of Plaintiff BOSE's Marks pursuant to the *Lanham Act*, for statutory damages pursuant to 15 U.S.C. § 1117(c), which election it will make prior to the rendering of final judgment;

5.    For restitution in an amount to be proven at trial for unfair, fraudulent and illegal business practices under *California Business and Professions Code* § 17200;

6.    For an injunction by this Court prohibiting Defendants from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices described herein, including the advertising and/or dealing in any counterfeit product; the unauthorized use of any mark or other intellectual property right of Plaintiff BOSE; acts of trademark infringement or dilution; false designation of origin; unfair

COMPLAINT FOR DAMAGES

competition; and any other act in derogation of Plaintiff BOSE's rights;

7.    For an order from the Court requiring that Defendants provide complete accountings and for equitable relief, including that Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and or pay restitution, including the amount of monies that should have been paid if Defendants complied with his/her/their/its legal obligations, or as equity requires;

8.    For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession which rightfully belong to Plaintiff BOSE; for an order from the Court preventing Defendants' transferring or disposing of any money or tangible assets until further order from the Court; for an order from the Court such that any banks, savings and loan associations, credit unions, credit card payment processors, merchant accounts, or other financial institutions, shall immediately locate all accounts connects to Defendants and shall be restrained and enjoined from transferring or disposing of any money or other tangible assets of Defendants until further order from this Court;

9.    For an order pursuant to 15 U.S.C. § 1118 requiring Defendants to forfeit to Plaintiff BOSE all labels, signs, prints, packaging, advertisements, and marketing material, in addition to any reproduction, counterfeit copy, or colorable imitation thereof, and all plates, molds, matrices, or other means of the same connected or related to Defendants' Counterfeit Goods that bear Plaintiff BOSE's Marks for destruction.

10.   For an award of exemplary or punitive damages in an amount to be

COMPLAINT FOR DAMAGES

determined by the Court;

11.    For Plaintiff BOSE's reasonable attorney's fees;

12.    For all costs of suit;

13.    For such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff BOSE respectfully demand a trial by jury in this action pursuant to Local Rule 38-1.

DATED: November 26, 2019          JOHNSON & PHAM, LLP


By:  /s/ Christopher Q. Pham
Christopher Q. Pham, Esq.
Christopher D. Johnson, Esq.
Marcus F. Chaney, Esq.
Hung Q. Pham, Esq.

Attorneys for Plaintiff
BOSE CORPORATION