JS-6

**FILED**
CLERK, U.S. DISTRICT COURT

May 8, 2020

CENTRAL DISTRICT OF CALIFORNIA
BY: ____VPC____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BOSE CORPORATION, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>AMTONE TECHNOLOGY, INC., a California Corporation; YUSONG MA, an Individual; MICHELLE NING BAO, an Individual; and DOES 1-10, Inclusive,<br><br>Defendants. | Case No: 2:19-cv-10109-PSG-AGR<br><br>[PROPOSED] PERMANENT INJUNCTION AND DISMISSAL WITH PREJUDICE AGAINST DEFENDANTS AMTONE TECHNOLOGY, INC., YUSONG MA, AND MICHELLE NING BAO<br><br>**Honorable Philip S. Gutierrez** |

The Court, pursuant to the Stipulation for Entry of Permanent Injunction and Dismissal with Prejudice ("Stipulation"), by and between Plaintiff BOSE CORPORATION ("BOSE") and Defendants AMTONE TECHNOLOGY, INC. ("AMTONE"), YUSONG MA ("MA"), and MICHELLE NING BAO ("BAO") (collectively "Defendants"), filed concurrently herewith, hereby ORDERS, ADJUDICATES and DECREES that a permanent injunction shall be and hereby is entered against Defendants in the above-referenced matter as follows:

1. **PERMANENT INJUNCTION.** Defendants, including any and all agents, servants, employees, partners, assignees, and any others over which they may exercise control, are hereby restrained and enjoined, pursuant to 15 U.S.C. § 1116(a), from engaging in, directly or indirectly, or authorizing or assisting any third party to engage in, any of the following activities in the United States and throughout the world:

    A. copying, manufacturing, importing, exporting, marketing, sale, offering for sale, distributing or dealing in any product or service that uses, or otherwise making any use of, any BOSE's Intellectual Properties, and/or any intellectual property that is confusingly or substantially similar to, or that constitutes a colorable imitation of, any of Plaintiff BOSE's marks, whether such use is as, on, in or in connection with any trademark, service mark, trade name, logo, design, patent, Internet use, website, domain name, metatags, advertising, promotions, solicitations, commercial exploitation, television, web-based or any other program, or any product or service, or otherwise, including but not limited to the following marks (Plaintiff BOSE's trademarks, trade names, service marks, patents and other intellectual property are collectively referred to herein as "BOSE's Intellectual Properties"):

        i. BOSE®: Registration date October 19, 2010 (Reg. No. 3,863,254), for batteries, communication headsets for use with communication radios, intercom systems, or other communications networks transceivers;

headphones; headsets for cellular or mobile phones, microphone;

    ii. BOSE®: Registration date August 20, 1974 (Reg. No. 991,271), for loudspeaker systems;

    iii. BOSE®: Registration date May 30, 1967 (Reg. No. 829,402) [Design Mark] acoustical transducer systems;

    iv. Better Sound Through Research®: Registration date of April 27, 1993 (Reg. No. 1,767,324), for loudspeaker systems and music systems;

    v. SoundTouch®: Registration date December 16, 2014 (Reg. No. 4,656,755) for loud speaker systems, radios;

    vi. BOSE®: Registration date of December 8, 1992 (Reg. No. 1,738,278), for printed matter, namely catalogs, newsletters, and brochures;

    vii. BOSE®: Registration date of September 25, 1984 (Reg. No. 1,297,699 [Design Mark]), for clothing;

    viii. BOSE®: Registration date of October 19, 2010 (Reg. No. 3,863,254), for batteries, intercom systems, headphones, headsets for mobile phones, and microphones;

    ix. BOSE®: Registration date of March 13, 2018 (Reg. No. 5,423,514), for remote controls, mounts and mounting brackets, stands for speakers, and headphone accessories;

    x. SoundLink®: Registration date November 24, 2009 (Reg. No. 3,716,864), for loudspeaker systems and USB (Universal Serial Bus) hardware; and

    xi. WAVE®: Registration date July 1, 2008 (Reg. No. 3,457,854), for music systems, compact disc players and digital music players.

  B. performing or allowing others employed by or representing Defendants, or under their control, to perform any act or thing which is likely to injure Plaintiff BOSE, any BOSE's Intellectual Properties, and/or Plaintiff BOSE's business reputation or goodwill, including making disparaging, negative, or critical

comments regarding Plaintiff BOSE or its products;

  C. advertising or displaying images and/or photographs of non-genuine products using BOSE's Intellectual Properties;

  D. advertising or displaying images and/or photographs of non-genuine BOSE-related products using any BOSE® or WAVE®-related marks, or BOSE's Intellectual Properties;

  E. using BOSE's Intellectual Properties, including but not limited to the BOSE® or WAVE®-related marks in advertising to suggest that non-genuine products being advertised are sponsored by, endorsed by, or are otherwise affiliated with Plaintiff BOSE and/or advertising non-genuine or unauthorized products using descriptions that imply that the products are genuine BOSE®-related products;

  F. engaging in any acts of federal and/or state trademark infringement, false designation of origin, dilution, unfair business practices under California law, unfair competition, or other act which would tend damage or injure Plaintiff BOSE or infringe upon BOSE's Intellectual Properties; and/or

  G. using, operating, controlling, or owning any Internet domain name, or possessing, operating, or owning a website(s) that includes any Plaintiff BOSE's marks, including but not limited to the Bose®, SoundSport®, QuietComfort®, and WAVE®-related word and design marks.

  H. Defendants are ordered to deliver to Plaintiff BOSE immediately for destruction all alleged infringing products bearing BOSE's Intellectual Properties to the extent that any of these items are in Defendants' possession, custody or control.

  I. This Permanent Injunction shall be deemed to have been served upon Defendants at the time of its execution by the Court.

  J. The Court finds there is no just reason for delay in entering this Permanent Injunction against Defendants, and, pursuant to *Federal Rule of Civil Procedure* 54(a), the Court directs immediate entry of this Permanent Injunction

against Defendants.

2. **NO APPEALS AND CONTINUING JURISDICTION.**  No appeals shall be taken from this Permanent Injunction against Defendants, and Plaintiff BOSE and Defendants waive all rights to appeal.  This Court expressly retains jurisdiction over this matter to enforce any violation of the terms of this Permanent Injunction by Defendants, as well as any violations of the terms of the separate underlying Confidential Settlement Agreement and supporting documents thereto between the Parties.

3. **NO FEES AND COSTS.**  Each party shall bear their own attorneys' fees and costs incurred in this matter.

4. **DISMISSAL.**  Upon entry of this Permanent Injunction against Defendants, the case shall be dismissed with prejudice as to all Defendants.

IT IS SO ORDERED, ADJUDICATED and DECREED this _____ day of ___May 8_____, 2020.

_____
HON. PHILIP S. GUTIERREZ
United States District Judge
Central District of California

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Johnson & Pham, LLP, 6355 Topanga Canyon Blvd., Suite 326, Woodland Hills, CA 91367. On May 8, 2020, I served the within document(s):

[PROPOSED] PERMANENT INJUNCTION AND DISMISSAL WITH PREJUDCIE AGAINST DEFENDANTS AMTONE TECHNOLOGY, INC.YUSONG MA, AND MICHELLE NING BAO

☐ FACSIMILE - by transmitting via facsimile the document(s) listed above to the fax number(s) set forth on the attached Telecommunications Cover Page(s) on this date before 5:00 p.m.

☒ MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐ PERSONAL SERVICE - by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ OVERNIGHT COURIER - by placing the document(s) listed above in a sealed envelope with shipping prepaid, and depositing in a collection box for next day delivery to the person(s) at the address(es) set forth below via UNITED PARCEL SERVICE.

☒ ELECTRONIC DELIVERY - by causing such document(s) to be transmitted by electronic mail transmission to the appropriate electronic mail address(es) set forth below.

Bin Li, Esq.
Law Offices of Bin Li & Associates
730 N. Diamond Bar Blvd.
Diamond Bar, CA 91765
email: bli@libinlaw.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on May 8, 2020, at Woodland Hills, California.

    /s/ Catherine Brannan
CATHERINE BRANNAN

PROOF OF SERVICE